**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA L. WRIGHT, | No.   20-15248 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-07800-WHA |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted May 13, 2021
San Francisco, California

Before:  THOMAS, Chief Judge, MILLER, Circuit Judge, and RESTANI,** Judge.

Cynthia Wright appeals from the district court's judgment affirming an

administrative law judge's (ALJ) denial of disability insurance benefits under Title

II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

Reviewing the agency's decision for legal error and its factual findings for substantial evidence, *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020), we affirm in part, reverse in part, and remand for further proceedings.

1. Wright challenges the ALJ's rejection of an opinion rendered by Dr. Young, an examining psychologist. Stating that her examination "should be considered in conjunction with any other documentation that may become available, particularly as this report represents a one-time examination," Dr. Young opined that Wright would be "unable to perform work activities without special or additional supervision" or "adapt to the usual stress encountered in the work setting." The ALJ explained that Dr. Young's conclusions were "so at odds with [her] own examination description" that it was necessary to "reject[] [them] as overly limiting and unsupported by the record."

The ALJ's finding is supported by substantial evidence and constitutes a specific and legitimate reason to reject part of Dr. Young's opinion. *See Ford*, 950 F.3d at 1154–56. If Dr. Young's restrictive limitations can be justified, they must be based on her evaluation of Wright's affective status. But Dr. Young observed that Wright's "affect was full in range and was appropriate to the setting." The other concerns noted by Dr. Young were based on Wright's self-report. The ALJ could reasonably have found that Dr. Young's opinion based on Wright's statements was "unsupported by the record." During a 2014 mental examination

2

conducted by Dr. Nabilek, for example, Wright denied panic symptoms, which conflicts with her statement to Dr. Young that she has panic attacks. Given that Dr. Young also lacked access to Wright's medical records, the ALJ was permitted to reject her opinion as inadequately explained. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

2.      Wright argues that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discounting her symptom testimony. We agree. The ALJ's analysis "does not meet the requirements set forth in our cases and does not permit meaningful review." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The ALJ found that Wright's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." But that "boilerplate statement" does not "identify what parts of [Wright's] testimony were not credible and why." *Id.* (quoting *Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)). Although the ALJ extensively discussed the medical record, "providing a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Id.* at 1278 (ellipsis and emphasis in original) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). Nor can we "infer 'that the ALJ rejected [Wright's] testimony to the extent it conflicted with that

3

medical evidence.'" *Brown-Hunter*, 806 F.3d at 494 (quoting *Treichler*, 775 F.3d at 1103). Because this error was not harmless, *see id.*, we reverse the rejection of Wright's testimony.

3.      Wright also challenges the ALJ's rejection of a third-party function report completed by her sister-in-law, Loretta Van Camp. An ALJ may disregard lay testimony so long as she "gives reasons germane to each witness for doing so." *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). "Inconsistency with medical evidence" is a germane reason to discredit a lay witness's statements, *Bayliss*, 427 F.3d at 1218, even if the ALJ fails to specifically "cite the record," *Lewis*, 236 F.3d at 511–12.

Although some of the ALJ's reasons for rejecting Van Camp's report may have been insufficient, any error was harmless in light of her finding that Van Camp's statements were "not fully consistent with the medical evidence." Van Camp's statement that Wright "could walk only short distances" before needing to stop and rest conflicted with treatment notes indicating that Wright was capable of moderate activity. Wright points to an x-ray of her spine taken in May 2017 as being consistent with Van Camp's observations, but the ALJ found that the x-ray did "not indicate further worsening" of Wright's condition "as of the date last insured." Because Wright was insured only through the end of 2016, the ALJ's finding is sound. The ALJ also noted that Van Camp reported that Wright "had

4

difficulty paying attention for long periods," and Van Camp's report added that Wright had attention deficit disorder (ADD). But Wright's attention and concentration were repeatedly found to be intact, and there is no medical diagnosis of ADD. Thus, the ALJ could permissibly reject Van Camp's function report as inconsistent with the medical evidence.

4.     Because further administrative proceedings would be useful, we remand for further proceedings rather than for an award of benefits. *See Treichler*, 775 F.3d at 1101. In light of our disposition, we do not reach Wright's challenge to the ALJ's step-five determination.

**AFFIRMED in part, REVERSED in part, and REMANDED.**